**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SERGIO VILLAGOMEZ, individually, and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No. |
| v. ) ) | Removal from the Circuit Court of Cook County, Illinois |
| iSOLVED HCM, LLC, a Delaware limited liability company, ) ) ) | |
| ) | Case No.: 2019CH12932 |
| Defendant. ) | |

## NOTICE OF REMOVAL

Defendant ISOLVED HCM, LLC ("Defendant") submits this Notice of Removal of the civil action entitled *Sergio Villagomez, individually, and on behalf of all others similarly situated v.iSolved HCM, LLC,* Case No. 2019CH12932, from the Circuit Court of Cook County, Illinois, where it is now pending, to the United States District Court for the Northern District of Illinois, Eastern Division. In accordance with 28 U.S.C. §1446(a) and 28 U.S.C. §1332, Defendant provides the following basis for removal:

**TIMELY REMOVAL**

1.  On November 11, 2019, Plaintiff, Sergio Villagomez ("Plaintiff") filed his Class Action Complaint ("Complaint") in the Circuit Court of Cook County, Illinois, entitled *Sergio Villagomez, individually, and on behalf of all others similarly situated v.iSolved HCM, LLC,* Case No. 2019CH12932 (the "State Court Action"). Plaintiff served Defendant with the Complaint on November 15, 2019.

2.  Defendant's Notice of Removal is timely because it is filed within 30 days after service of the Complaint on Defendant. 28 U.S.C. § 1446(b).

3. This removal is based on diversity jurisdiction under 28 U.S.C. § 1332. The United States District Court for the Northern District of Illinois, Eastern Division, possesses diversity jurisdiction over this litigation under Section 1332(d), the Class Action Fairness Act of 2005 ("CAFA"), because there is minimal diversity (*i.e.*, at least one member of the putative class is a citizen of a different state than defendants) and the amount in controversy exceeds $5,000,000. *See* 28 U.S.C. § 1332(d)(1)(B) (defining "class action" to include state law class actions) and § 1332(d)(2) (granting district courts original jurisdiction over purported class actions in which the amount in controversy exceeds $5 million and "any member of a class of plaintiffs is a citizen of a state different from any defendant").

4. Alternatively, the United States District Court for the Northern District of Illinois, Eastern Division, possesses diversity jurisdiction over this litigation under Section 1332(a)(1) because the amount in controversy exceeds $75,000 and is between citizens of different States.

5. Under 28 U.S.C. § 1446(a), a "copy of all process, pleadings, and orders served upon … defendants" in the State Court Action are attached hereto as **Exhibit A**.

## VENUE

6. The Circuit Court of Cook County, Illinois, is located within the United States District Court for the Northern District of Illinois, Eastern Division. 28 U.S.C. § 93(a)(1). Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## DIVERSITY OF CITIZENSHIP

7. Plaintiff alleges that he is a citizen of Illinois. **Ex. A**, Compl. ¶ 7.

8. A limited liability company ("LLC") is a citizen of any state in which an LLC member is a citizen. *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).

9. iSolved HCM, LLC has one member, Infinisource, Inc. *See* Declaration of Shane Whittington in Support of Defendant's Notice of Removal attached hereto as **Exhibit B**, ¶ 2.

10. Corporations are citizens of their state of incorporation and principal place of business. 28 U.S.C. §1332(c)(1). Infinisource, Inc. is incorporated in Michigan and maintains its principal place of business in Michigan. **Ex. B**, ¶ 3. Therefore, iSolved HCM, LLC is a citizen of Michigan. *Cosgrove*, 150 F.3d at 731.

11. Because Plaintiff and Defendant are citizens of different states, there is complete diversity of citizenship under 28 U.S.C. §1332(d)(2), which requires only one "member of a class of plaintiffs [to be] a citizen of a state different from any defendant."

## AMOUNT IN CONTROVERSY

The Amount in Controversy Requirement is Met Under CAFA

12. Federal district courts possess jurisdiction over class actions where the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §1332(d)(2).

13. Under CAFA, defendants need only show that there is a "reasonable probability that the stakes exceed" $5 million. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). The amount in controversy "is a pleading requirement, not a demand for proof." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011). "Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000, the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Id*. at 764 (internal citation omitted).

14. Plaintiff defines the putative class as: "[a]ll residents of the State of Illinois who had their biometric identifiers or biometric information, including fingerprints, collected,

3

captured, received, otherwise obtained, or disclosed by iSolved HCM, LLC while residing in Illinois." **Ex. A**, Compl. ¶ 35.

15. Plaintiff alleges four BIPA violations per individual and seeks statutory damages of $5,000 per reckless violation and attorney's fees. **Ex. A**, Compl. ¶ 52.

16. Based on Plaintiff's proposed class definition, the putative class comprises at least 251 individuals. **Ex. B**, ¶ 4 ("iSolved's biometric time clock system referenced in the Complaint has been used by at least 251 employees in Illinois").

17. Thus, at least 251 putative class members x 4 alleged violations per individual x $5,000 per violation plus attorneys' fees exceeds $5,000,000. **Ex. A**, Compl. ¶ 52. That satisfies the amount in controversy under CAFA. 28 U.S.C. §1332(d)(6); *see Back Doctors Ltd,* 637 F.3d at 830 ("unless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court").

<u>The Amount in Controversy Requirement is Alternatively Met Under Section 1332(a)(1)</u>

18. Alternatively, the Court possesses diversity jurisdiction over this litigation under Section 1332(a)(1) because the amount in controversy exceeds $75,000.

19. Plaintiff alleges four BIPA violations and seeks statutory damages of $5,000 per reckless violation and attorney's fees, totaling $20,000 plus attorney's fees in alleged damages.

20. The attorneys' fees that Plaintiff has already incurred, including the investigation into a purported class action, further contribute to meeting the amount in controversy.

21. Thus, even setting aside the class allegations, it is not "legally impossible" for the named Plaintiff alone to recover more than $75,000 in this action. *See Back Doctors Ltd v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011) ("The legal standard was established by the Supreme Court in *St. Paul Mercury [Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938)]: unless

4

recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court").

### RESERVATION OF RIGHTS

22. Defendant's filing of this Notice of Removal is not intended, nor should be construed, as any type of express or implied admission by Defendant of any fact, of the validity or merits of any of plaintiffs' claims and allegations, or of any liability, all of which Defendant hereby expressly denies, or as any type of express or implied waiver or limitation of any of Plaintiffs' rights, claims, remedies, and defenses in connection with this action, all of which are hereby expressly reserved.

23. Under 28 U.S.C. §1446(d), Defendant will promptly give written notice of the filing of the Notice of Removal to Plaintiff and will file a copy of this Notice with the Clerk of the Circuit Court of Cook County, Illinois.

**WHEREFORE**, Defendant ISOLVED HCM, LLC respectfully requests that this litigation be removed from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated: December 16, 2019            Respectfully submitted,

                                                 By: /s/ Michael V. Furlong
                                                        One of the Attorneys for Defendants
Richard L. Samson (ARDC #6191450)        iSOLVED HCM, LLC
Harry J. Secaras (ARDC #6201861)
Christopher M. Cascino (ARDC #6296046)
Michael V. Furlong (ARDC #6317963)
OGLETREE, DEAKINS, NASH, SMOAK &
   STEWART, P.C.
155 North Wacker Drive - Suite 4300
Chicago, IL 60606
Phone: 312.558.1220
Fax:     312.807.3619
*richard.samson@ogltree.com*
*harry.secaras@ogletree.com*
*christopher.cascino@ogletree.com*
*michael.furlong@ogletree.com*

## **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on December 16, 2019, he filed the foregoing *Notice of Removal* electronically with the Clerk of Court using the ECF system, and served the *Notice of Removal* on the following via U.S. Mail, postage prepaid, and via electronic mail:

| | |
|---|---|
| Benjamin H. Richman<br>J. Eli Wade-Scott<br>EDELSON PC<br>350 North LaSalle Street, 14th Floor<br>Chicago, IL 60654<br>*brichman@edelson.com*<br>*ewadescott@edelson.com* | David Fish<br>John Kunze<br>THE FISH LAW FIRM, P.C.<br>200 East Fifth Avenue, Suite 123<br>Naperville, IL 60563<br>*dfish@fishlawfirm.com*<br>*kunze@fishlawfirm.com* |

*Attorneys for Plaintiff*

/s/ Michael V. Furlong
One of the Attorneys for Defendants

41103748.1